[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14897
Non-Argument Calendar
_____

Agency No. A206-528-677

VICTOR TUM-LUX,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 9, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Tum-Lux petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal under the Immigration and Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).  Tum-Lux argues that he established past persecution in Guatemala, and a likelihood of future persecution, through his testimony that an international criminal organization, Mara Salvatrucha ("MS"), threatened to kill him for refusing to join the gang.  He argues that such persecution was on account of membership in a particular social group——"Guatemalan males who have been actively recruited by international criminal organizations especially because they are indigenous and more vulnerable in order to use them to commit illicit activities, but who have refused to join."  He also argues that he is entitled to CAT relief because MS will kill him if he returns to Guatemala.  The government responds that we lack jurisdiction to review any challenge to the BIA's or IJ's credibility and corroboration determinations because Tum-Lux did not sufficiently exhaust any such claims before the BIA.

## I.

Before addressing a petitioner's arguments on the merits, we assess our subject matter jurisdiction *de novo*.  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284,

2

1297 (11th Cir. 2015).  We may review a final order of removal only if an alien has exhausted all administrative remedies available as a matter of right.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  An alien fails to exhaust his administrative remedies with respect to a particular claim when he does not raise that claim before the BIA, and we lack jurisdiction to consider unexhausted claims.  *Indrawati*, 779 F.3d at 1297.

To exhaust a claim, a petitioner must have previously argued "the core issue now on appeal" before the BIA.  *Id.*  Exhaustion does not require a petitioner to use precise legal terminology or to provide well-developed arguments in support of his claim, but it does require that he provide information sufficient to enable the BIA to review and correct any errors below.  *Id.*  These requirements are intended to ensure that premature interference with the administrative process is avoided and that the agency has had a full opportunity to consider a petitioner's claims.  *Id.* at 1298.

Although he did not offer well-developed arguments challenging the IJ's credibility and corroboration determinations to the BIA, Tum-Lux's notice of appeal and brief before the BIA squarely presented the core issues now on appeal, including the credibility and corroboration determinations.  Accordingly, he sufficiently exhausted his claims, and we possess jurisdiction to review the merits of his petition.

II.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). On appeal from the BIA's decision, we review legal questions *de novo*. *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013). Factual determinations are reviewed under the substantial-evidence test, which requires us to view the record in the light most favorable to the agency's decision and draw all reasonable inferences in its favor. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). In order to reverse administrative factual findings, we must determine that the record "compels" reversal, not merely that it supports a different conclusion. *Id.*

Whether an asserted group qualifies as a particular social group under the INA is a question of law that we review *de novo*. *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290 (11th Cir. 2014). A credibility determination is a factual finding which we review under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006).

Under the INA, an alien shall not be removed to a country if his life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The burden of proof is upon the alien to

4

show his eligibility for withholding of removal under the INA.  8 C.F.R. § 208.16(b).

An applicant for withholding of removal may satisfy his burden of proof in either of two ways.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). First, an alien may establish past persecution in his country based on a protected ground.  *Id.*  If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon return to that country unless the Department of Homeland Security shows by a preponderance of the evidence that, among other things, the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal.  8 C.F.R. §§ 208.16(b)(1)(i), (ii); *Tan*, 446 F.3d at 1375.  Second, "[a]n alien who has not shown past persecution . . . may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country."  *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004) (quotation marks omitted).

If credible, an alien's testimony may be sufficient without corroboration to sustain his burden of proof in establishing eligibility for relief, and, conversely, an adverse credibility determination alone may be sufficient to support the denial of his application.  *Ruiz*, 440 F.3d at 1255 (applying the credibility standard in the asylum context).  Indications of reliable testimony include consistency with direct

5

examination, consistency with the written application, and the absence of embellishments. *Id.* Once an adverse credibility finding is made, the burden shifts to the applicant to show that the IJ's credibility decision was not supported by specific, cogent reasons, or was not based on substantial evidence. *Id.*

Substantial evidence supports an adverse credibility finding where omissions in an alien's application are revealed during the alien's testimony at his merits hearing. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287-88 (11th Cir. 2005). The BIA and IJ may consider inaccuracies, inconsistencies, and falsehoods contained in an applicant's evidence without regard to whether they go to the heart of his claim. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006); *see also* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

Pursuant to the REAL ID Act of 2005, for applications filed after May 11, 2005, where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence. INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii).

Although neither the INA nor the regulations implementing the INA define "persecution," we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sanchez Jimenez v. U.S. Att'y*

6

*Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007).  On the other hand, we have held that an alien who had been accosted at gunpoint and later severely beaten had suffered persecution.  *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007).

Both past and future persecution must be "on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Sanchez Jimenez*, 492 F.3d. at 1232.  A "particular social group" is not defined in the INA, but we have deferred to the BIA's formulation for determining whether a particular group qualifies.  *Castillo-Arias v. U.S Att'y Gen.*, 446 F.3d 1190, 1196 (11th Cir. 2006).  First, the group's members must have a "common characteristic other than their risk of being persecuted," and that characteristic must be either immutable or fundamental to their individual conscience or identity.  *Id.* at 1193-94, 1196-97. Furthermore, a group must (1) have sufficient "social distinction," and (2) not be too numerous or inchoate.  *Id.* at 1194, 1196-98; *see also Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013); *Matter of W-G-R-*, 26 I.&N. Dec. 208, 215-18 (BIA 2014) *vacated in part on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016) (renaming "social visibility" as "social distinction").  Social distinction requires a group to be socially distinct within the society in question, *i.e.*, it must be perceived as a group by society.  *Matter of W-G-R-*, 26 I.&N. Dec. at 216-18.  Whether a person belongs to a particular social group must be looked at contextually, keeping in mind the culture and society of the alien's country.  *Id.* at

214.  The BIA has held that "[p]ersons who resist joining gangs have not been shown to be part of a socially visible group." *Matter of E-A-G-*, 24 I.&N. Dec. 591, 594-95 (BIA 2008).   Moreover, evidence that is consistent with "private violence," or that "merely shows that a person has been the victim of criminal activity" does not constitute evidence of persecution based on a statutorily-protected ground.  *Ruiz*, 440 F.3d at 1258.

Here, substantial evidence supported the BIA's and IJ's denial of Tum-Lux's application for withholding of removal for several reasons.  Tum-Lux's testimony was vague and uncorroborated, and he omitted any mention of his brother being threatened by MS from his written application.  As a result, substantial evidence supported the BIA's and IJ's determination that he was not credible.  Moreover, the verbal threats he experienced did not rise to the level of persecution, and he did not show that his proposed social group possessed social distinction within Guatemalan society.  Accordingly, substantial evidence supported the BIA's and IJ's denial of Tum-Lux's application for withholding of removal.

### III.

The CAT states that signatory nations will not "expel, return or extradite a person to another State where there are substantial grounds for believing he would be in danger of being subjected to torture."  United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Art.

8

3(1), Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.  To be entitled to relief under the CAT, an applicant bears the burden of proof to establish that it is more likely than not that he would be tortured if removed to the proposed country of removal.  8 C.F.R. § 208.16(c)(2); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

To obtain CAT relief, the alien must demonstrate that the torture would be inflicted by the government or with the government's acquiescence.  *Reyes-Sanchez*, 369 F.3d at 1242.  Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."  *Id.* (quotation marks omitted); *see also* 8 C.F.R. § 208.18(a)(7).  A government does not "acquiesce" to torture where it "actively, albeit not entirely successfully, combats" illegal activities.  *Reyes-Sanchez*, 369 F.3d at 1243 (quotation marks omitted).

Substantial evidence supported the BIA's and IJ's denial of Tum-Lux's application for CAT relief.  Tum-Lux testified that neither he, nor anyone else in his village, ever reported MS's threats to authorities.  Additionally, the alleged ineffectiveness of Guatemalan authorities in combatting organized crime is not tantamount to acquiescence to torture.  Accordingly we deny his petition for review.

9

**PETITION DENIED.**